UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARGARET R. JENNISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: 1:24-CV-499-HAB-SLC |
| v. | ) |
| | ) |
| ALLEN SUPERIOR COURT SMALL | ) |
| CLAIMS DIVISION 2, et al. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Pro se Plaintiff, Margaret R. Jennison, initiated this action against the Allen Superior Court Small Claims Division, the Allen County Sheriff, state Magistrate Judge Brian Cook and others relating to an eviction proceeding. (ECF No. 1). She asserts that during the eviction hearing, "the judge bullied me and called me a liar. The Judge did not want to listen to my evidence to prove that I was not trying to get put out or illegally evicted." (*Id.*). She also filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1); *cf.*

https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2024). Though this is not a Bankruptcy case, the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902. A review of Plaintiff's in forma pauperis petition shows that she meets the financial requirement to proceed IFP.

However, in assessing whether a plaintiff may proceed IFP, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Further, "[c]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

Plaintiff filed with the Court a "Claim for Damage, Injury or Death" SF 95, which is an administrative form used to file tort claims against federal agencies.  This is different than the Court approved Civil Complaint Form that should be used by individuals proceeding *pro se*. *See* N.D. Ind. L. R. 7-6. She has attached a written statement that references her treatment at the state eviction proceedings. But this compilation of documents does not assist the Court in determining whether subject-matter jurisdiction exists.

Federal courts are courts of limited jurisdiction. To proceed in federal court, a plaintiff has

the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Liberally construing plaintiff's filings, she does not state a claim for violation of any federal law or Constitutional provision. Indeed, absent an allegation that the Defendants have deprived her of a right secured by federal law, her attempt to challenge her eviction is purely a state law claim.

Alternatively, plaintiff may proceed in federal court if she can establish diversity jurisdiction. To establish diversity, a plaintiff must establish that each defendant is a citizen of a state different from the plaintiff's state to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000. The filings here do not meet either of these qualifications.

Accordingly, the Court:

- DIRECTS the CLERK to mail a Civil Complaint Form with the above-captioned case number to the Plaintiff;

- Plaintiff is granted until December 26, 2024, to return a properly completed Civil Complaint Form to the Clerk. Plaintiff should identify the individuals (not the organization or building) that were personally involved in the deprivations she alleges in her complaint and specify the "who, what, when and where" of the events she asserts as the basis for her claim;

- The Motion to Proceed In Forma Pauperis (ECF No. 2) REMAINS UNDER ADVISEMENT;

- Failure of the Plaintiff to return the Complaint Form to the Clerk as directed will result in DISMISSAL of her case without further notice.

SO ORDERED on November 26, 2024.

                        s/ *Holly A. Brady*
                        CHIEF JUDGE HOLLY A. BRADY
                        UNITED STATES DISTRICT COURT